■ MARIO MATESE et al., Appellants, v JEAN SCLAFANI, Respondent. [722 NYS2d 178] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Kings County (Cammer, J.), dated June 1, 2000, as granted that branch of the defendant's motion which was to dismiss the cause of action to recover damages for personal injuries asserted on behalf of the plaintiff Theresa Matese on the ground that she failed to sustain a serious injury within the meaning of Insurance Law § 5102 (d), and, *sua sponte,* dismissed the cause of action asserted on behalf of the plaintiff Mario Matese to recover for property damage, and (2) from an order of the same court dated October 25, 2000, which denied the motion of the plaintiff Theresa Matese denominated as one for renewal and reargument, but which was, in fact, a motion for reargument.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as, *sua sponte,* dismissed the cause of action asserted on behalf of the plaintiff Mario Matese to recover for property damage is deemed an application for leave to appeal from that part of the order, and leave to appeal is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the appeal from the order dated October 25, 2000, is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated June 1, 2000, is modified by deleting the provision thereof granting that branch of the motion which was to dismiss the cause of action asserted by Mario Matese to recover for property damage and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

After the defendant made a prima facie showing that the plaintiff Theresa Matese did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), that plaintiff failed

to raise a triable issue of fact. Therefore, the Supreme Court properly dismissed her cause of action to recover damages for personal injuries (*see, Licari v Elliott,* 57 NY2d 230). However, since the defendant did not address the cause of action by Mario Matese which was to recover for property damage, the Supreme Court should not have dismissed that cause of action. Ritter, J. P., Krausman, Florio and Feuerstein, JJ., concur.